UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

FRITZ CARLOS BOHME ZUNIGA,                                          Petitioner,

v.                                                         Civil Action No. 5:26-cv-205-RGJ

DAVID VENTURELLA, et al.,                                           Respondents.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Fritz Carlos Bohme Zuniga's Writ of Habeas

Corpus. [DE 1]. Respondents responded on July 20, 2026. [DE 8]. Petitioner replied on July 25,

2026. [DE 14]. The parties agree no evidentiary hearing is necessary. [DE 9; DE 12]. This matter

is ripe for adjudication. For the reasons below, the Court **DENIES** the Petition for Writ of Habeas

Corpus. [DE 1].

## I.        Background

Petitioner Fritz Carlos Bohme Zuniga ("Zuniga") is a 31 year-old native and citizen of

Peru. [DE 1-1 at 20]. Zuniga entered the United States on February 21, 2022, on a B2 Tourist Visa

[*Id.*]. Zuniga remained in the United States after the expiration of his visa. [DE 8 at 224]. On June

3, 2026, Zuniga was pulled over by an Indiana State Trooper at a weigh station in Indiana. [DE 1-

1 at 20]. The State Trooper called Immigration and Customs Enforcement ("ICE"), who detained

him. [*Id.*]. ICE provided Zuniga with a Notice to Appear and transported him to Christian County

Jail in the Western District of Kentucky, where he remains today. [DE 8 at 224-25]. Pursuant to

Section 1226(a) of the Immigration and Nationality Act ("INA"), Zuniga requested a custody

redetermination hearing. [*Id.*].

On June 29, 2026, an Immigration Court held a custody redetermination hearing for

Zuniga. [*Id.*]. Prior to hearing, both parties submitted evidence to the Immigration Court. [DE 1 at

4-5]. Following the hearing, Immigration Judge ("IJ") Natalie Walker denied bond in a written

order holding that Zuniga is a flight risk. [DE 8-3, IJ Order, at 237]. To date, Zuniga has not appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). [DE 8 at 225].

Zuniga asserts that his Due Process has been violated because IJ Walker failed to consider the evidence as a whole and correctly. [DE 1 at 13]. Zuniga requests either immediate release or a renewed bond hearing before an IJ. [*Id.* at 17].

Respondents contend that Zuniga has been properly provided a merit based bond hearing pursuant to Section 1226(a). [DE 8 at 226-27]. And therefore the Court cannot disturb the findings of the IJ, unless the Petitioner raises a constitutional issue or a statutory violation pursuant to the jurisdiction stripping provision of 8 U.S.C. § 1226(e). [*Id.*].

## II.    DISCUSSION[1]

### A.  Relevant Immigration Framework

This Court has previously outlined how Congress has distinguished between two classes of non-citizens, providing a bond hearing for those detained under Section 1226(a) but imposing mandatory detention without bond for those detained under Section 1225(b)(2). *See Vicen v. Lewis,* 821 F. Supp. 3d 863, 868-69 (W.D. Ky. 2026); *see also, Lopez-Campos,* 175 F.4th at 721-22. Both parties agree that Petitioner is detained pursuant to Section 1226(a). And both parties agree that Petitioner received a bond hearing pursuant to Section 1226(a).

### B.  Section 1226(e)

Jurisdiction poses a threshold question. See *Florida v. Thomas*, 532 U.S. 774, 777 (2001) ("[W]e must first consider whether we have jurisdiction to decide this case."). And " '[f]ederal courts,' it bears repeating, 'are courts of limited jurisdiction.' " *In re: 2016 Primary Election*, 836

---

[1] Neither party asserted any exhaustion-related arguments and no applicable statute or rule mandates exhaustion. However, because many decisions in similar cases by district courts within the Sixth Circuit discuss this principal, the Court incorporates its analysis on exhaustion of remedies from a previous case, *Edahi v. Lewis*, 2025 WL 3466682, at *2-3 (W.D. Ky. Nov. 27, 2025), and the Court waives the exhaustion requirement for the same reasons.

F.3d 584, 587 (6th Cir. 2016) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Accordingly, "[w]ithin constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider." *Bowles v. Russell*, 551 U.S. 205, 212 (2007). Therefore, as an initial matter, this Court must determine whether it has jurisdiction to consider Petitioner's claims.

The United States contends that Section 1226(e) prohibits judicial review of any "discretionary judgment" regarding the application of Section 1226. [DE 8 at 227]. Section 1226(e) provides:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

8 U.S.C. § 1226(e). Accordingly, district courts lack jurisdiction to review discretionary bond decisions made by an IJ. *See Nielsen v. Preap*, 586 U.S. 392, 401 (2019). Notwithstanding the above, parties may bring a constitutional challenge to a hearing by an IJ. *Demore v. Kim,* 538 U.S. 510, 523 (2003). That is, Section 1226(e) does not "block lawsuits over the extent of the Government's detention authority under the "statutory framework" as a whole." *Guiracocha v. Noem,* 2026 WL 622860, at *3 (E.D. Ky. Mar. 5, 2026) (citing *Nielsen,* 586 U.S. at 401) (in turn quoting *Jennings v. Rodriguez,* 583 U.S. 295-96 (2018)) (citations modified). Essentially, when a petitioner challenges a discretionary decision taken by an IJ, versus a challenge against to the "statutory framework as a whole" Section 1226(e) bars review. *Id.*

"Thus, the Court must determine whether Petitioner challenges the statutory or constitutional validity of his continued detention." *Alabdulaziz v. Tindall,* 2026 WL 973278, *4 (W.D. Ky. Apr. 10, 2026). Or, if the Petitioner is challenging a "discretionary" action by the IJ, which the Court cannot review. *Guiracocha,* 2026 WL 622860, at *3 (citing *Nielsen,* 586 U.S. at 401). Here, Zuniga's challenge is that the IJ incorrectly, and inadequately, reviewed and

3

considered the weight of the evidence presented and incorrectly sided with the United States. Zuniga states that the IJ failed to accurately assess the record before the Immigration Court. [DE 1 at 11-12]. Neither party has presented the transcript of the custody redetermination hearing, but only the IJ's Order and written findings. And based on the Order, IJ Walker assessed the evidence and came to a reasoned conclusion finding that based upon the evidence presented before the court, Zuniga posed as a flight risk. [DE 8-3 at 237]. Thus, Zuniga is not arguing that the "IJ wholly failed to consider the evidence" but instead, he "argues that the IJ erred in weighing the evidence." *Guiracocha,* 2026 WL 622860, at *4. In other words, the Petition only raises factual arguments about the IJ's decision and decision-making process. Any factual challenges to an act by the IJ fall within the jurisdiction provision of Section 1226(e), and outside the bounds of this Court's jurisdiction. The proper remedy for this type of dispute is for Zuniga to file an appeal with BIA of the IJ's decision.

Further, the IJ's written decision explained the reasoning for denying bond. [DE 8-3 at 237]. The decision reflects how the IJ considered the evidence from both parties and came to her own reasoned conclusion. The IJ stated:

> Respondent is a flight risk. Respondent's "length of residence in this country is short," which weighs against release. *Matter of Akhmedov,* 29 I&N Dec. 166, 167 (BIA 2025); *Matter of E-Y-F-G-,* 29 I&N Dec. 103, 104 (BIA 2025); *Matter of R-A-V-P-,* 27 I&N Dec. 803, 805 (BIA 2020) (noting that an alien's recent arrival to the United States is relevant in assessing flight risk).
>
> Further, Respondent's "eligibility for relief is speculative." *Matter of C-M-M-*, 29 I&N Dec. 141, 143--44 (BIA 2025); *Matter of E-Y-F-G-*, 29 I&N Dec. 103, 104—05 (BIA 2025) (finding an alien a flight risk despite relief being granted); *Matter of R-A-V- P-,* 27 I&N Dec. 803, 806 (BIA 2020) ("Even for aliens who are found to have a credible fear, a grant of asylum is uncertain, in part because the legal standard for establishing eligibility for asylum is higher than that for a credible fear."); *see also Matter of Andrade*, 19 I&N Dec. 488, 490 (BIA 1987) ("A[n alien] with a greater likelihood of being granted relief from deportation has a greater motivation to appear for a deportation hearing than one who, based on a criminal record or otherwise, has less potential of being granted such relief.").

4

[*Id.*]. Even if Petitioner is not satisfied the written decision, and if "the IJ could have explained this reasoning more clearly" that is not a constitutional nor statutory violation. *Ordonez v. Field Off. Dir.,* 2026 WL 927173, at *5 (E.D. Ky. Apr. 6, 2026).

Accordingly, the "IJ's bond determination provided precisely the process he is due under the Fifth Amendment." *Id.* "Petitioner attempts to attack the IJ's individual determination that Petitioner presented a danger to persons or property, or was a flight risk, and was thus not entitled to bond" are not reviewable by this Court pursuant to Section 1226(e). *Aladbualziz,* 2026 WL 973278, at *4.

Zuniga has been provided the due process he is owed pursuant to Section 1226(a). And as Congress intended, Zuniga may appeal the IJ's decision to the BIA if he wishes to do. [DE 8 at 224]; 8 C.F.R. 1003.19; 8 C.F.R. 1236.1(d)(3). But any discretionary challenge to the IJ's findings by this Court are barred by Section 1226(e). *See Nielsen*, 586 U.S. at 401 (noting that § 1226(e) bars review of discretionary applications of § 1226); *Hernandez-Gabriel v. Tate*, 2026 WL 161192, at *4 (S.D. Tx. Jan. 20, 2026) (holding that a district court lacked jurisdiction to consider a petitioner's challenge to the correctness of an IJ's determination that the petitioner posed a flight risk); *Perez Sierra v. Bondi*, 2026 WL 497070, at *3 (D.N.J. Feb. 23, 2026) ("This Court lacks jurisdiction to review any discretionary determinations underlying an immigration judge's bond decision, but it can review whether the bond hearing was fundamentally unfair in violation of this Court's order."); *cf. Soto-Medina v. Lynch*, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026) (holding that § 1226(e) did not bar consideration of a petitioner's challenge that the discretionary process of § 1226(a) itself is unconstitutional).

## VI.    Conclusion

Zuniga "does not claim that his bond hearing lacked necessary procedural safeguards or that the IJ did not have statutory authority to deny bond." *Guiracocha,* 2026 WL 622860, at *4.

Rather, he argues that the IJ came to the wrong conclusion after reviewing the testimony, exhibits, and other evidence. The Supreme Court has consistently held that Section 1226(e) bars this Court of such review of those decisions. *See Nielsen*, 586 U.S. at 401; *Jennings*, 583 U.S. at 295; *Demore*, 538 U.S. at 516. For the reasons stated above, the Court **DENIES** Zuniga's Petition for Writ of Habeas Corpus. [DE 1].

Rebecca Grady Jennings, District Judge
United States District Court

August 7, 2026